**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 31 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MEIMEI YU, | No. 24-7645 |
| Petitioner, | Agency No. A213-605-385 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 29, 2026**

Before: McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

Meimei Yu, a native and citizen of the People's Republic of China

("China"), petitions pro se for review of the Board of Immigration Appeals' order

dismissing her appeal from an immigration judge's decision denying her

applications for asylum, withholding of removal, and protection under the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies within Yu's testimony, between her testimony and documentary evidence, and omissions in her asylum application. *See id*. at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see also Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017) (inconsistencies between testimony and documentary evidence undermined credibility); *Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (petitioner's omissions supported adverse credibility determination). Yu's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony in this case, Yu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Yu's CAT claim because it was based on the same evidence found not credible, and Yu does not point to any other evidence in the record that compels the conclusion that it is more

likely than not she would be tortured by or with the consent or acquiescence of the government if returned to China. *See id*. at 1156-57.

We do not consider the materials Yu references in her opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The motion to stay removal is denied as moot.

**PETITION FOR REVIEW DENIED.**